**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GLENN JOSEPH TURNER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | |
| UNITED STATES OF AMERICA | : | NO. 07-4846 |

## REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE

September 24, 2008

Presently before this court is a *pro se* Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241. Glenn Joseph Turner ("Petitioner"), currently on parole following his release from federal detention on June 22, 2005, seeks habeas relief based on claims that the special conditions of his parole violate his First Amendment Rights to freedom of speech and association and the doctrine of Separation of Powers. The Honorable Jan E. Dubois referred this matter to the undersigned on February 25, 2008 for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Petitioner's habeas claims be DENIED.

### I. BACKGROUND AND PROCEDURAL HISTORY[1]

On November 4, 1985, Petitioner was sentenced to a term of incarceration of fifteen years, to be followed by a two-year term of special parole.[2] Response ("Resp.") Exhibit ("Ex.") T31.[3] On

[1]The facts contained in this background and procedural history were gleaned from the Petition for Writ of Habeas Corpus, Petitioner's Brief, Amended Brief, Supplemental Brief, the Government's Responses to the Petition, and all exhibits attached to the parties' filings.

[2]At the time of Petitioner's federal sentencing, he was serving a thirty-year sentence in the New Jersey State Prison for shooting a New Jersey state trooper. Resp. Ex. T27.

[3]In an effort to accurately reference Petitioner's claims, this court will cite solely to the Government's Exhibits which

June 22, 2005, Petitioner was released from federal incarceration to supervised parole, with special conditions. Resp. at 1-2. On January 11, 2007, Petitioner was charged with violating the special conditions of his parole that prohibit him from: (1) associating with members of the Pagan Motorcycle Club, (2) wearing clothing adorned with logo of the Pagan Motorcycle Club, and (3) leaving the Eastern District of Pennsylvania without the permission of his supervising U.S. Probation Officer. Resp. Ex. T1. Following a hearing on April 16, 2007, Petitioner's parole was revoked by the U. S. Parole Commission ("the Commission"); the Commission ordered that he serve 11months before being re-paroled. Resp. Ex. T21. Petitioner appealed the Commission's decision and the National Appeals Board denied relief on September 5, 2007. Resp. Ex. G1-G2. On December 21, 2007, Petitioner was re-paroled from a federal half-way house in Philadelphia, Pennsylvania. *Id.* He is currently paroled, under the supervision the United States Probation Office of the Eastern District of Pennsylvania, and resides in Delaware County, Pennsylvania. Resp. Ex. T16.

On November 2, 2007, Petitioner filed this federal petition for writ of habeas corpus.[4] He asserts that the conditions of his parole violate his First Amendment Rights of freedom of association and speech.[5] Resp. Ex. T3. He further asserts that he was illegally charged with leaving the jurisdiction of his supervising officer and that the authority of the Commission violates the separation of powers clause of the United States Constitution. Resp. Ex. T12. The Government contends that Petitioner's meritless claims should be denied. This court agrees.

---

are numbered and contain Petitioner's habeas petition and supplemental filings since many of Petitioner's documents are not numbered.

[4]Petitioner originally filed his petition in Eastern District of Virginia. On November 14, 2007, this matter was transferred to the Eastern District of Pennsylvania. *Turner v. United States of America*, Civ. A. No. 07-cv-4846, Docket Entry 1 (E.D.Pa).

[5]Petitioner asserts that the U.S. Parole Commission violated his Sixth Amendment Right to Free Speech. Resp. Ex. T3-T4. However, this court will infer that Petitioner intended to assert a First Amendment violation since the Sixth Amendment does not contain a freedom of speech or freedom of association clause.

## II. DISCUSSION

### A. Standard of Review

#### 1. The Custody Requirement for § 28 U.S.C. 2241 Petitions

The writ of habeas corpus is available only to persons held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The habeas petition "in custody" requirement, does not require actual physical imprisonment so long as a petitioner suffers substantial restraints not shared by members of the general public. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Petitioner was in physical custody in a federal half-way house in Philadelphia, Pennsylvania at the time he filed this petition and is currently paroled with restrictions under the supervision of the U. S. Probation Office of the Eastern District of Pennsylvania. Thus, he has met the "custody" requirement of 28 U.S.C. § 2241. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (parole meets the "in custody" requirement for habeas review). However, this court has a limited review of the Commission's decision.

#### 2. The Rational Basis Standard

The action complained of must violate federal law. The standard of review for habeas petitions challenging the decision of the Commission is whether there is a rational basis in the record for the decision embodied in its statements of reasons. *See Gambino v. Morris*, 134 F.3d 156, 160 (3d Cir. 1998) (citing *Zannino v. Arnold*, 531 F.2d 687, 691 (3d Cir.1976)). The Commission is authorized to impose special conditions of parole "to the extent that such conditions are *reasonably* related to: (1) the nature and circumstances of the offense; and (2) the history and characteristics of the parolee; and may provide for such supervision and other limitations as are *reasonable* to protect

the public welfare." 18 U.S.C. § 4209(a) (emphasis added).[6] Therefore, this court will review the merits of Petitioner's claims utilizing only the rational basis standard.

**B. The Merits of Petitioner's Claims**

**1. The Parole Commission May Restrict Petitioner's Association and Speech**

The Commission prohibited Petitioner from associating with members of the Pagan Motorcycle Club ("Pagans") and wearing clothing with the Pagan logo. Resp. Ex. G1. These special conditions were imposed because of two primary factors: (1) Petitioner's criminal record showed that his previous criminal activity was related to his membership in the Pagans and (2) the Pagans' history of involvement in criminal activity, which in itself could result in Petitioner's association with convicted felons. *Id*. Petitioner argues that: (1) the Commission's restrictions deprive him of his First Amendment Rights to freedom of association and speech, and (2) he alone committed the crimes resulting in his federal conviction and these crimes did not involve any other Pagans. Resp. Ex. T5-T15. The Government counters that the Commission's restrictions should be upheld because they are reasonable. Resp. 7-9.

First, the fact that Petitioner is a convicted felon and parolee does not strip him of all rights protected by the U.S. Constitution. However, his parole status may appropriately curtail his enjoyment of some of these constitutional rights. Petitioner's activities, specifically those involving constitutional rights, may be restricted if it is reasonable to assume that engagement in the prohibited activity could hinder his rehabilitation. *See, e.g., United States v. Crandon*, 173 F.3d 122, 127-28

[6]18 U.S.C. § 4209(a) governs the imposition of special conditions of parole by the Commission. Petitioner in his habeas filing challenges the special conditions of his release that were imposed by the Commission following his federal incarceration. The court is cognizant of the authority of the Commission to impose such restrictions under 18 U.S.C. § 4209(a); the court will analyze the conditions imposed under the rational basis standard which is the same standard used in cases involving the District Court's imposition of special conditions of supervised release under 18 U.S.C. §§ 3583(d), 3553(a).

(3d Cir. 1999) (Defendant's restriction on access to the Internet was reasonably related to the prevention of recidivism after conviction for receiving child pornography), *cert. denied*, 528 U.S. 855, 120 S.Ct. 138, 145 L.Ed.2d, 118 (1999); *United States v. Showalter,* 933 F.2d 573, 575-576 (7th Cir. 1991) (restriction on association with other skinheads and neo-Nazis was properly imposed as a condition of supervised release to deter Defendant from engaging in future criminal conduct); *United States v. Beros*, 833 F.2d 455, 467 (3d Cir. 1987) (restriction on holding union position and receiving union funds was reasonably related to prevention of future crime based on prior conviction for embezzlement and misuse of union funds.) Special conditions of parole have been upheld that are "*reasonably related*" to the goals of deterrence, protection of the public and rehabilitation of the defendant. *See United States v. Loy*, 237 F.3d 251, 267 (3d Cir. 2001) (emphasis added). Thus, the Government must demonstrate that there is a rational basis for the Commission's restriction of Petitioner's association and speech involving the Pagans.

The Government argues that the Commission's restrictions are reasonable and based upon Petitioner's prior criminal history involving his membership in the Pagans. Resp. at 8 (citing Resp.Ex. G1). The Government further contends that the restrictions are reasonable because the FBI considers the Pagans to be one of the "top-five" outlaw motorcycle gangs in the U.S., Canada, and some European countries. Resp. at 4 (citing *FBI Safe Street Violent Crime Initiative Report*, Fiscal year 2000). These conditions, "*reasonably related*" to the goals of deterrence, protection of the public and rehabilitation of the defendant, are permissible. *See Loy*, 237 F.3d at 267 (emphasis added). The Commission has an interest in promoting Petitioner's rehabilitation as well as protecting the general welfare of society. It is, therefore, reasonable for the Commission to prohibit Petitioner from associating with individuals who may deter his success on parole.

Courts in several circuits have upheld special conditions of supervised release which prohibit parolees from associating with members of motorcycle gangs. *See Behlke v. Jordan*, 83 F.3d 424, 1996 WL 208514 at *1 (7th Cir. 1996) (unpublished decision); *United States v. Bolinger*, 940 F.2d 478, 480-81 (9th Cir. 1991); *United States v. Serrano*, 892 F.2d 1047, 1989 WL 155390 at *1 (9th Cir. 1989) (unpublished decision). Moreover, the restriction is narrowly tailored. Petitioner has not received a blanket restriction on his ability to associate with all members of motorcycle clubs; he is only restricted from association with members of the club related to his prior criminal activity, to wit, the Pagans. Since, this restriction involves no greater deprivation of liberty than is reasonably necessary to achieve the Government's interest it is constitutional. *See Crandon*, 173 F.3d at 128. The Commission considered Petitioner's (1) prior criminal activity which was related to his membership in the Pagans, (2) that motorcycle club's history of criminal activity, and (3) the likelihood that some Pagans may be convicted felons, persons with whom parolees may not associate. Resp. Ex. G1. The Commission's imposition of these restrictions should be upheld because there is a reasonable relationship between Petitioner's conditions of parole and legitimate Government rehabilitative interests. *See Crandon*, 173 F.3d at 127-28; *Beros*, 833 F.2d at 467. These restrictions also serve a reasonable and dual Government interest in protecting society by reducing crime[7] and fostering Petitioner's rehabilitation by deterring him from further criminal activity. Thus, Petitioner's claim is meritless.

**2. The Parole Commission Properly Restricted Petitioner's Travel**

Petitioner alleges that the Commission illegally charged him with leaving the district without the permission of his supervising U.S. Probation Officer. Resp. Ex. T2. He argues that his travel

[7] The Government has cited several reports and cases involving the Pagan Motorcycle Club's involvement in criminal activity. Resp. at 4,7. It is reasonable for this court to find that the Commission's imposition of conditions which restrict Petitioner from association with the Pagans is based upon the reasonable goal to protect the general welfare of society.

to Delaware was lawful inasmuch as Delaware and the Eastern District of Pennsylvania, the district where he is paroled, both lie within the appellate jurisdiction of the Third Circuit Court of Appeals. *Id*. Petitioner's argument fails.

First, the restriction set on Petitioner's right to travel is standard for all Pennsylvania parolees. While U.S. citizens in general are constitutionally entitled to freely travel from state to state, *see Shapiro v. Thompson*, 394 U.S. 618, 629-630 (1969), convicted felons, or parolees, relinquish certain rights subsequent to their conviction and imprisonment. *See Morrissey v. Brewer*, 408 U.S. 471, 483 (1972) (holding that a parolee may be subjected to restrictions that other U.S. citizens are not); *see also Loy*, 237 F.3d at 259 ("As a convicted felon sentenced to a term of supervised release, [Defendant's] constitutional rights do not have the same scope as those of ordinary persons."). As a parolee, Petitioner does not have the "liberty" to travel outside of the jurisdiction of the Eastern District of Pennsylvania, without first obtaining permission of his U.S. Probation Officer. Resp. Ex. G1.

The United States Supreme Court has held that it is reasonable to impose restrictions on the liberties of parolees. *See Morrissey*, 408 U.S. at 483. On appeal, the National Appeals Board found this claim meritless because this restriction on travel is "not a special condition of parole, but a standard condition applicable to every person on parole or mandatory release supervision." Resp. Ex. G1. Likewise, several Circuit Courts have upheld similar restrictions of a parolee's right to travel. *See Doe v. Pennsylvania Bd. of Probation and Parole*, 513 F.3d 95, 114 (3d Cir. 2008) (citing *Williams v. Wisconsin*, 336 F.3d 576, 581 (7th Cir.2003) ("Like prisoners, ... parolees ... have no right to control where they live in the United States; the right to travel is extinguished for the entire balance of their sentences."); *Bagley v. Harvey*, 718 F.2d 921, 924 (9th Cir.1983) ("[A]n

individual's constitutional right to travel, having been legally extinguished by a valid conviction followed by imprisonment, is not revived by the change in status from prisoner to parolee."); *Berrigan v. Sigler*, 499 F.2d 514, 522 (D.C.Cir.1974) (holding that any rights parolees had to travel were necessarily limited because "those rights of necessity are conditioned by the situation in which their convictions placed them")). Petitioner's right to interstate travel, without permission, was extinguished when he was convicted and imprisoned. His change in status from an imprisoned convict to a parolee does not alone allow him to regain his right to interstate travel. Thus, the court finds the Commission's restriction reasonable.

Second, Petitioner is misguided in his understanding of the jurisdictional bounds he is subject to as a standard condition of his parole. Petitioner is presently in custody, under the supervision of the U.S. Probation Office, in the Eastern District of Pennsylvania. Resp. Ex. T16. He was convicted in the Eastern District of Virginia, *see* Resp. Ex. T23-T25. Following his release from federal incarceration, he was paroled to the Eastern District of Pennsylvania after he was granted a motion to be transferred to this district. *See* Resp. Ex. T12, T16. Petitioner contends that his travel to Delaware, without permission, was lawful because the Third Circuit Court of Appeals has jurisdiction over all appellate matters from the state of Delaware. Petitioner is correct that the Third Circuit retains appellate jurisdiction over district court cases from Delaware, New Jersey, Pennsylvania, and the U.S. Virgin Islands. However, the fact that Delaware is within the appellate jurisdiction of the Third Circuit does not extend Petitioner's ability to travel to every district within the Third Circuit, without the permission of his U.S. Probation Officer. Jurisdiction for appellate review, *see* 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), is distinct from the jurisdiction of the Commission. *See* 18 U.S.C. § 4210(a). Petitioner, as a parolee, is in the "legal custody and under

the control of the Attorney General" until the expiration of his parole term. *Id*. Thus, he must conform to the jurisdictional requirements of the Commission. Petitioner was paroled to the Eastern District of Pennsylvania, not Delaware. He left the Eastern District of Pennsylvania to travel to Delaware without permission. Therefore, he was properly charged with parole violation and this habeas claim fails.

**3. Petitioner's Separation of Powers Claim Fails**

Next, Petitioner attempts to attack the authority of the Commission under the doctrine of Separation of Powers. Resp. Ex. T10-12. The Government counters that this argument is meritless because the doctrine is not applicable to Petitioner's claim. Resp. at 6. This court concurs.

The doctrine of Separation of Powers is based upon the U.S. Constitution's establishment of three separate branches of government: (1) the judicial branch, (2) executive branch and (3) legislative branch. *See Geraghty v. U.S. Parole Commission*, 719 F.2d 1199, 1210-1211 (3d Cir. 1983). Under this doctrine, each branch of government exercises exclusive authority over certain matters. *See I.N.S. v. Chadha*, 462 U.S. 919, 951 (1983). Thus, the Separation of Powers doctrine helps prevent the erosion of governmental "checks and balances" by preventing the three branches of government from usurping and/or intruding upon the other's power and domain.

Petitioner has not presented a plausible Separation of Powers claim to challenge the authority of the Commission to impose conditions of parole upon him. The Commission has full authority to grant, deny or revoke Petitioner's parole; the Commission may also impose or modify Petitioner's conditions of parole. *See* 18 U.S.C. §§§ 4208, 4209, 4214, et al. However, the Commission does not usurp the authority of the judiciary such that its decisions do not violate the doctrine of Separation of Powers. *See Geraghty*, 719 F.2d at 1211-12. The Commission may lawfully impose

reasonable conditions of parole, *see* 18 U.S.C. § 4209 (a), and, as discussed *infra*, the Commission's conditions in this case were reasonable and rationally related to the goals of Petitioner's parole.

Petitioner has not indicated how the Commission exceeded its scope of authority. Rather, Petitioner inaccurately asserts that the *Parole Commission Phaseout Act of 1996* transferred the authority of the Commission to revoke or amend conditions of parole to the U.S. District Court. Resp. Ex. T10. Neither the Commission nor its authority to amend the conditions of parole have been abolished. In fact, the authority of the Commission has been extended *four times*, most recently extending the Commission until October 31, 2008. *See United States Parole Commission Extension and Sentencing Commission Authority Act of 2005*, Pub. L. No. 109-76, §2, September 29, 2005, 119 Stat. 2035 (emphasis added). Thus, this court will deny his claim.

**CONCLUSION**

After review of the habeas petition, the Government's response, and the applicable law, the court finds that Petitioner is not entitled to habeas relief. Therefore, I make the following:

**RECOMMENDATION**

AND NOW, this 24th day of September, 2008, for the reasons contained in the preceding report, it is hereby RECOMMENDED that Petitioner's claims be DENIED, without an evidentiary hearing.

Petitioner may file objections to this Report and Recommendation within ten (10) days of being served with a copy of it. *See* Local R. Civ. P. 72.1(IV). Failure to file timely objections may constitute a waiver of any appellate rights.

IT BE SO ORDERED.

*/s/ Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE